UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY, <br>     Plaintiff, <br><br> v. <br><br> STATE OF CONNECTICUT, DEPARTMENT OF PUBLIC UTILITY CONTROL, ET AL. <br>     Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION NO. <br> 3:02CV01022 (JCH) <br><br><br><br><br><br><br><br><br><br> DECEMBER 30, 2003 |

**PAETEC COMMUNICATIONS, INC.'S MOTION TO TERMINATE THE INITIAL STAY AND RENEWED OPPOSITION TO THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR SUMMARY JUDGMENT**

Pursuant to the Ruling on Motions For Summary Judgment dated September 30, 2003, 285 F.Supp.2d 252 (D. Conn. 2003), PAETEC Communications, Inc. ("PAETEC") respectfully moves the Court to terminate the initial stay entered by the Court and hereby renews its Opposition to the Southern New England Telephone Company's Motion for Summary Judgment and Motion for Summary Judgment filed on January 22, 2003. PAETEC is requesting a termination of the initial stay and renews its Motion for Summary Judgment because on December 17, 2003 the State of Connecticut Department

348614

of Public Utility Control ("DPUC") issued a Final Decision in Docket No. 01-08-19RE02, <u>Petition of PaeTec Communications, Inc. for Resolution of Disagreement with Southern New England Telephone Company</u> ("Second Final Decision"). A copy of the Second Final Decision is attached hereto. The DPUC rendered the Second Final Decision after the Court allowed the Parties to request that the DPUC reopen the proceeding to consider the issues raised in this case by the Southern New England Telephone Company ("SNET") in light of Section 3.2.1 of the Amendment to the Interconnection Agreement filed with the DPUC on January 8, 2001, and approved by it on April 18, 2001.

In the Second Final Decision, the DPUC stated:

1.   The Second Final Decision and the Decision dated May 1, 2002 in Docket No. 01-08-19, <u>Petition of PaeTec Communications, Inc. for Resolution of Disagreement with Southern New England Telephone Company</u> ("First Final Decision") are based on and specific to the Parties' Interconnection Agreement and Amendment. Second Final Decision, at 3.

2.   In the First Final Decision, the DPUC did not address Section 3.2.1 of the Amendment because, pursuant to Section 3.1, PAETEC's traffic met the specified conditions of the special Virtual Foreign Exchange ("VFX") category. Such VFX traffic was not classified as interLATA toll or intraLATA toll and neither of those categories was used in the Parties definition of VFX. Rather, VFX traffic was defined as a separate category and included in the local traffic category for purposes of compensation. Second Final Decision, at 3-4.

3.	VFX traffic is defined as a separate category from interLATA toll or any type of toll service. Second Final Decision, at 4. "In reviewing the Amendment, the two terms, VFX and interLATA toll are not used to define the same traffic; nor has interLATA toll traffic been defined in the Amendment and/or Agreement as meeting the necessary specifications of VFX traffic in Section 3.1." Id.

4.	The Parties have not included interLATA toll traffic as local for purposes of compensation but have included VFX traffic in the local category. Id.

5.	VFX calls, unlike toll calls, are treated as local to the subscriber and there is no separate charge. In addition, unlike interLATA toll calls, VFX calls are not a toll service as defined in the Telecommunications Act of 1996 and the Interconnection Agreement. Id.

6.	The Department found that "it is clear that the Parties have differentiated VFX traffic and interLATA toll traffic, treating them differently for purposes of compensation, and the Amendment does not exclude VFX calls from total Compensable Local Traffic." Id.

PAETEC hereby incorporates herein its Motion for Summary Judgment and its Local 9(c)1 and 9(c)2 statements dated January 22, 2003.

WHEREFORE, PAETEC respectfully moves that the initial stay be terminated and that summary judgment be entered in its favor on Count I of SNET's Complaint dated June 13, 2002.

>Respectfully Submitted,
>**PAETEC COMMUNICATIONS, INC.**
>
>
>By: _____
>BRAD N. MONDSCHEIN, ESQ.
>Fed. Bar No. ct13800
>Updike, Kelly & Spellacy, P.C.
>One State Street, 24th Floor
>Hartford, Connecticut  06123
>Telephone:  (860) 548-2600
>Facsimile:  (860) 548-2680
>Email:      bmondschein@uks.com
>
>Michael Goldey, Esq.
>Admitted Pro Hac Vice
>Fed. Bar No. ct25339
>81 Highfield Road
>Harrison, New York 10528
>Telephone:  (914) 967-3312
>Facsimile:  (914) 967-2183
>E-Mail:     m.goldey@mindspring.com

# **CERTIFICATION**

A copy of the foregoing has been mailed by first class mail, postage prepaid this 30th day of December, 2003, to all counsel of record as follows:

Timothy P. Jensen, Esq.
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06510-1910

Keith M. Krom, Esq.
General Attorney
The Southern New England Telephone Company,
310 Orange Street
New Haven, CT 06510

Robert L. Marconi, Esq.
Assistant Attorney General
Office of the Attorney General
10 Franklin Square
New Britain, CT 06051

By:_____
    BRAD N. MONDSCHEIN, ESQ.
    Updike, Kelly & Spellacy, P.C.

348614

5